IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFERY L. LEACH** | : | |
| **Plaintiff** | : | |
| v. | : | |
| **CITY OF PHILADELPHIA,** | : | No. 12 – |
| **CHARLES RAMSEY,** | : | Jury Trial Demanded |
| **Commissioner of the Philadelphia** | : | |
| **Police Department,** | : | |
| **OFFICER JERROLD HARRIS** | : | |
| **BADGE NO. 3277** | : | |
| **Individually and as police office** | : | |
| **for the   City of Philadelphia** | | |
| **Defendants** | | |
| c/o Law Department | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102 | | |

**COMPLAINT**
**Preliminary Statement**

1. This is a civil rights action in which the named plaintiff, Jeffery Leach, seeks relief for defendants' violations of rights, privileges, and immunities secured by the Civil Rights Acts of 1871, 42 U.S.C. §1983, the Fourteenth Amendments to the United States Constitution, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000(d), et sseq. ("Title VI").

2. The defendants have implemented and enforced policies  and practices of stops, searches,  and detentions of persons, including plaintiff, without probable cause or reasonable suspicion as required by the Fourth Amendment.

3. The stop, search, and detentions by the Philadelphia Police Department ("PPD") officers are often based on constitutionally impermissible consideration of race and/or national origin in violation of the Equal Protection Clause of the Fourteenth Amendment.  The victims of such racial and/or national origin profiling are principally Black and Latino men.

4. These constitutional abuses are directly and proximately caused by polices, practices and/or customs of the defendants City of Philadelphia ('City") and Police Commissioner Ramesy who have acted with deliberate indifference to the constitutional rights of the plaintiff by: (a)  failing to properly train, supervise and discipline PPD officers; (b) inadequately  monitoring PPD officers and their practices related to vehicle stops; (c) failing to properly discipline PPD officers who engage in constitutional abuses; and (d) failing to rectify the PPD's unconstitutional practices of stops, searches and detentions.

5. As a direct and proximate result of defendants' policies, practices and/or customs, the plaintiff has been subjected to unconstitutional stops, searches, and detentions by the defendants.

## Jurisdiction

6. Jurisdiction is conferred upon this Court under 28 U.S.C. §§1331 and 1343(3) and (4), as this action seeks redress for the violation of plaintiffs' constitutional and civil rights, and under 28 U.S.C. §1367 to address the supplemental state law claims.

7. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§2201 and 2202 and Rule 57, Federal Rules of Civil Procedure.

## Parties

8.  Plaintiff Jeffery Leach  ("Leach") is a 52 year old African-American man who resides  in the City of Philadelphia.

9. Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and manages, directs and controls the PPD which employs defendants Ramsey, and Jerrold Harris , who are police officers for the City of Philadelphia.

10. Defendant Charles Ramsey is the Commissioner of the PPD and at all times relevant to this action was a final decision-maker for the City of Philadelphia regarding the operation of the PPD. Defendant Ramsey is responsible for establishing the practices and policies of the PPD. He is also responsible for the hiring, screening, training, supervision, discipline and control of the police officers under his command, including the defendant officers in this case. Defendant Ramsey is sued in his official and individual capacities.

11. Defendants Jerrold Harris  (hereinafter "the defendant officers") is a police officer for the Philadelphia Police Department who at all relevant times were acting under color of state law,  The defendant officer is sued in his individual capacity.

2

**Factual Allegations**

A. **Allegations of Plaintiff**

12. Plaintiff Jeffery Leach is 52 years old and a lifelong Philadelphia resident. Mr. Leach is African American.

13. On or about December 17, 2011, Plaintiff was driving his automobile on the 3400 block of Market Street in Philadelphia. As a pretext to a legitimate stop the defendant officers followed the name plaintiff for three traffic lights, and without cause or justification, acting in concert and conspiracy, stopped the vehicle, conducted a visual search, and detained the Plaintiff and his passenger.

14. When Plaintiff asked the defendant officers, why he was being stopped, the defendant officer became irate and issued Plaintiff a citation for being in the crossway for three blocks.

15. As a result of the policies, including but not limited to racial profiling, practices, customs, actions and conduct of all Defendants, the plaintiff suffered harm, including humiliation, and/or emotional distress, some of which may be permanent, loss of liberty, and/or violations of their constitutional and statutory rights.

16. Plaintiff intends to continue to frequent the neighborhoods where he has been previously stopped and detained as described above, and have a reasonable fear that they will again be subject to similar unlawful conduct by officers of the PPD based on their race and/or national origin in violation of the Fourth and Fourteenth Amendments.

B. **Allegations of City Policy, Practice and Custom**
   **PPD'S History of a Policy, Practice and/or Custom of Unjustified Stops**

17. The PPD has a history of conducting stops, frisks, detentions and searches without probable cause or reasonable suspicion and of intentionally subjecting persons to these measures, based on their race or ethnicity.

18. In 2012, in the matter of *Mahari Bailey et al v. City of Philadelphia et al., No 10-5952, E.D. Pa*, the parties entered into a Settlement Agreement that required the City of Philadelphia to implement policy and training initiatives that would provide officer with the necessary training and supervision to ensure that the officers abide by the restrictions on their in investigative powers under the Fourth and Fourteenth Amendments.

19. A principal reason for these provisions was a history of racially biased policing in Philadelphia. On three separate occasions in the 1980's federal courts intervened to enjoin PPD practices that violated the Fourth and Fourteenth Amendments. See,

3

*Cliett v. City of Philadelphia*, Civil Action No. 85-1846 (E.D.Pa. 1985)(consent decree arising out of the unconstitutionality of "Operation Cold Turkey," during which 1,500 individuals were unlawfully subjected to search and arrest); *Spring Garden United Neighbors v. City of Philadelphia*, 614 F.Supp. 1350 (E.D.Pa. 1985)(enjoining police sweep of Latinos in Spring Garden area in aftermath of a shooting of a police officer); *Arrington v. City of Philadelphia*, Civil Action No. 88-2264 (E.D.Pa. 1988)(enjoining the stop and searches of young African-American males during investigation of "Center City Stalker").

**Failure to Properly Trains, Supervise and Discipline PPD Officers**

20. Defendants City and Commissioner Ramsey have failed to properly train, supervise and discipline PPD officers with respect to constitutional standards and limitations in conducting stops, searches, and detentions under the Fourth and Fourteenth Amendments. The risks of unconstitutional conduct by PPD officers in these police practices is substantial, and the failure to properly train and supervise have caused the violations that have been suffered the plaintiff.

21. The inadequate training, supervision and disciplining of the PPD is a direct and proximate cause of the defendant officers' unconstitutional conduct in this case.

22. On police practices involving stops, detentions, searches and, defendants City and Commissioner Ramsey have failed to:

   a. Take appropriate disciplinary action and corrective measures against PPD officers who have engaged in unjustified stops, searches and detentions;

   b. Adequately monitor PPD officers who have incurred a substantial number of civilian complaints related to unjustified stops, searches, and detentions, even in instances where the number of complaints should have triggered monitoring under established departmental guidelines;

   c. Conduct adequate auditing to determine if the stops, searches, and detentions conducted by PPD officers comply with the PPD's written policy;

   d. Take sufficient corrective and remedial action against PPD officers who provide fabricated, false, or impermissible justifications for stops, searches, and detentions; and

   e. Take sufficient corrective, disciplinary and remedial action to combat the "Code of Silence" under which PPD officers regularly conceal or fail to report police misconduct.

## Legal Claims
## Count 1
### Claims of Plaintiff Pursuant to 42 U.S.C. § 1983
### Against All Defendant for Violations of the Fourth Amendment

23. Plaintiff incorporates here by reference paragraphs 1-22 of the Complaint.

24. Defendants City, Ramsey, and Harris have implemented and enforced a policy, practice and/or custom of stopping, searching and detaining the named plaintiff without probable cause or reasonable suspicion of criminal conduct as required by the Fourth Amendment.

25. The constitutional violations suffered by the plaintiff are directly and proximately caused by policies, practices and/or customs implemented and enforced by the defendants City and Commissioner Ramsey, as set forth in this Complaint.

26. Defendants have acted with deliberate indifference to the Fourth Amendment rights the plaintiff and as a direct and proximate result of the acts and omissions of the defendants, the Fourth Amendment rights of the plaintiff have been violated.

27. The plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless defendants are enjoined from continuing their policy, practice and/or custom of unconstitutional stops, searches, and detentions.

28. Defendants have by the above described actions deprived the plaintiff his rights to be free from unlawful searches and detention. As a result, all named plaintiffs and members of the plaintiff class have suffered and will continue to suffer harm in violation of their rights under the Fourth and Fourteenth Amendments, and 42 U.S.C. §1983.

## Count 2
### Claims of Plaintiff Pursuant to 42 U.S.C. § 1983 Against
### All Defendants for Violation of Equal Protection Clause

29. Plaintiff incorporates here by reference paragraphs 1-28 of the Complaint.

30. Defendants City of Philadelphia and Commissioner, Ramsey, and Jerrold Harris have implemented and enforced a policy, practice and/or custom of stopping, and detaining the plaintiff based on his race and/or national origin in violation of the Equal Protection Clause of the Fourteenth Amendment.

31. These constitutional violations are directly and proximately caused by policies, practices and/or customs of the Defendants City and Commissioner Ramsey, as set forth in this Complaint.

32. Defendants have acted with the intent to discriminate on the basis of race or national origin in police practices relating to stops, searches, and detentions. As a direct and proximate result of the acts and omissions of the defendants, the Fourteenth Amendment rights of the named plaintiffs and the plaintiff class members have been violated.

33. Defendants have intentionally targeted Plaintiff, a Black individual, for unconstitutional stops, searches, and detentions in areas where the plaintiff class reside or visit. Under these practices, policies and/or customs, the Equal Protection rights of the plaintiff class will continue to be violated.

34. The Plaintiff has no adequate remedy law and will suffer serious and irreparable harm to their constitutional rights unless defendants are enjoined from continuing their policy, practice and/or custom of unconstitutional stops, searches and detentions.

35. Defendants have by the above described actions deprived all the plaintiff of his rights to be free from unlawful stops, searches and detention. As a result, the plaintiff has suffered and will continue to suffer harm in violation of their rights under the Fourth and Fourteenth Amendments, and 42 U.S.C. §1983.

### Count 3
### Claims of Plaintiff Under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d), *et seq.* Against the City

36. Plaintiff incorporates here by reference paragraphs 1-35 of the Complaint.

37. The law enforcement activities described in this Complaint have been funded, in part, with federal funds.

38. Discrimination based on race in the law enforcement activities and conduct described in this Complaint is prohibited under 42 U.S.C. § 2000(d), *et seq.* The acts, conduct and omissions of the defendants were intended to discriminate on the basis of race and/or national origin, and/or had a disparate impact on minorities, particularly Blacks and Latinos.

39. The plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless defendants are enjoined from continuing their policy, practice and/or custom of unconstitutional stops, detentions, and searches.

*40.* As a direct and proximate result of the above actions and conduct, the plaintiff has been deprived of his rights under civil rights statutes and the Constitution of the United States, and in particular Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d), *et seq.*

### Count 4
### Claims of the Plaintiff Pursuant to 42 U.S.C. § 1983

41. Plaintiff incorporates here by reference paragraphs 1-40 of the Complaint.

42. The stop, search, and detention of the plaintiff, were done without probable cause or reasonable suspicion and were based on the impermissible factors of race and/or national origin.

43. As a direct and proximate result of such acts, defendants have deprived the individual named plaintiffs of their rights under the Fourth and Fourteenth Amendments, in violation of 42 U.S.C. §1983.

44. As a direct and proximate result of those constitutional abuses, the plaintiff has suffered, and will continue to suffer, humiliation, emotional pain and suffering, loss of liberty and violations of their civil rights.

### Jury Demand

45. Plaintiff requests a jury trial as to all defendants and all counts of the Complaint.

### Relief

Wherefore, the plaintiff respectfully request that the Court:

A. Issue a judgment declaring that the defendants' policy, practice and/or custom of unjustified stops, , searches and detentions challenged in this Complaint violates the Fourth and Fourteenth Amendments to the United States Constitution and Title VI.

B. Issue an order for the following injunctive relief:

   1. Enjoin the defendants and the Philadelphia Police Department from continuing its policy, practice and/or custom of stops, searches and detentions without probable cause or reasonable suspicion;

   2. Enjoin the defendants and the Philadelphia Police Department from continuing its policy, practice and/or custom of conducting stops, searches and detentions based on racial and/or national origin profiling;

    3. Require the Defendants City and Commissioner Ramsey to institute and implement training, supervision and discipline that will eliminate the policy, practice and/or custom of unconstitutional stops, searches and detentions.

C. Award Plaintiff compensatory damages against all defendants;

D. Award Plaintiffs reasonable attorneys' fees pursuant to 42 U.S.C. §1988;

E. Award Plaintiffs costs of litigation pursuant to 42 U.S.C. §§1920 and 1988; and

F. Award such other and further relief as this Court may deem appropriate and just and in the interests of justice.

| | |
|---|---|
| /s/ James P. McGarrity | /s/ Yalonda E. Houston |
| James P. McGarrity | Yalonda E. Houston |
| No. 26208 | No. 310822 |
| 42 S. 15th Street, Suite 1000 | 42 S. 15th Street, Suite 1000 |
| Philadelphia, PA 19102 | Philadelphia, PA 19102 |
| (215) 564-1951 | (215) 668-3878 |
| Counsel for Plaintiff | Counsel for Plaintiff |